## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR COMPETITIVE POLITICS<br>124 S. West St., Suite 201<br>Alexandria, VA 22314<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL ELECTION COMMISSION<br>999 E Street, N.W.<br>Washington, D.C. 20463<br><br>Defendant. | Civil Action No. |

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND INJUNCTIVE RELIEF

1. This action arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2014), challenging the Federal Election Commission's (FEC's) denial of a FOIA request by Plaintiff Center for Competitive Politics (CCP). That request was for a single document: the First General Counsel's Report ("Report"), dated June 22, 2011, in the matter of Crossroads Grassroots Policy Strategies (MUR 6396).

2. CCP seeks a declaration that the FEC is in violation of FOIA by withholding the Report from CCP, and injunctive relief requiring the FEC to immediately and fully cease withholding the Report from CCP.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over both parties. 5 U.S.C. § 552 (a)(4)(B). Further, this Court has jurisdiction as this case is a "civil action[] arising under the …laws…of the United States." 28 U.S.C. § 1331.

4. Venue lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

5. Plaintiff CCP is an educational nonprofit corporation, structured under 26 U.S.C. § 501(c)(3). CCP is dedicated to promoting and vindicating the political speech and association rights protected by the First and Fourteenth Amendments to the Constitution. As part of its mission, CCP regularly represents parties regulated by the FEC. Also pursuant to its mission, CCP routinely provides comments on FEC rulemakings, advisory opinions, and other official actions.

6. Defendant FEC is an agency subject to FOIA. 5 U.S.C. § 552(f). The FEC has custody and control of the Report. Its denial of CCP's FOIA request for that document gives rise to this action.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

7. FOIA, codified at 5 U.S.C § 552, requires that federal agencies such as the FEC promptly release requested records to the public unless the document falls within a statutory exemption. 5 U.S.C. § 552(b).

8. "[A]ll exemptions under FOIA…must be construed as narrowly as is consistent with efficient government operation." *Army Times Publishing Co. v. Dep't of the Air Force*, 998 F.2d 1067, 1069 (D.C. Cir. 1993) (internal citations and quotation marks omitted).

9. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld…" 5 U.S.C. § 552 (a)(4)(B); *see also* 11 C.F.R. § 4.8(f).

### FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

10. On December 3, 2012, a majority of the FEC's commissioners declined to find reason to believe that Crossroads Grassroots Policy Strategies, a § 501(c)(4) organization, had

2

violated federal law by failing to register as a political committee ("PAC"). STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396), (Jan. 8, 2014). The vote was 3-3; a finding of reason to believe requires a majority vote of the Commission.

11. In accordance with D.C. Circuit precedent, the three commissioners who voted against finding reason to believe issued a statement of reasons explaining their votes. *FEC v. Nat'l Republican Senatorial Comm.*, 966 F.2d 1471, 1476 (D.C. Cir. 1992) (citation omitted) (Because the three commissioners voting against a particular action "constitute a controlling group for purposes of the decision…their rationale necessarily states the agency's reasons for acting as it did.").

12. As part of their statement, the three controlling commissioners "explain[ed] why it took over three years to resolve th[e] MUR," and informed the public about the existence of a "first First General Counsel's Report, which was circulated to the Commission on June 22, 2011." STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396) at 25-26.

13. The controlling commissioners attached 75 pages to their Statement of Reasons, all of which bore a single word: "REDACTED." STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396).

14. On March 25, 2014, the three controlling commissioners issued a supplemental statement of reasons. SUPPLEMENTAL STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN

AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396).

15. The Supplemental Statement explained that the three commissioners sought to "attach[] the withdrawn First General Counsel's Report, along with an accompanying Factual and Legal Analysis, to [their] Statement to illuminate the introduction of" a "new legal norm" devised by the Office of General Counsel (OGC) for the second First General Counsel's Report, dated November 21, 2012. SUPPLEMENTAL STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396) at 1. The second First General Counsel's Report was the document rejected by the Commission on December 3, 2012. *See* ¶ 10 *supra.*

16. The commissioners stated that "OGC and several…fellow Commissioners expressed their view that the withdrawn First General Counsel's Report might be privileged and should be withheld from the public record…[and the controlling three commissioners] agreed to redact the first report pending further Commission discussions…" SUPPLEMENTAL STATEMENT OF REASONS OF CHAIRMAN LEE E. GOODMAN AND COMMISSIONERS CAROLINE C. HUNTER AND MATTHEW S. PETERSEN, IN THE MATTER OF CROSSROADS GRASSROOTS POLICY STRATEGIES (MUR 6396) at 1.

17. The Supplemental Statement explained the FEC's policy in favor of releasing First General Counsel's Reports and further provided that "[t]he report at issue was first prepared and styled as a First General Counsel's Report…it was clearly prepared with an expectation that it would be reviewed by Commissioners and the general public, per Commission policy and practice." *Id.* at 3.

4

18. The Supplemental Statement stated that the controlling commissioners "do not believe that the[] redactions [imposed upon the original Statement of Reasons] are necessary or consistent with the Commission's Disclosure Policy." *Id.* at 2.

### CCP Files a FOIA Request

19. On April 3, 2014, CCP filed a FOIA request for the First General Counsel's Report via electronic mail and the U.S. postal service. CCP's request is attached as Exhibit A.

20. CCP's request noted that under "the Commission's own regulations, it 'will make the fullest possible disclosure of records to the public.'" Ex. A at 1, citing 11 C.F.R. § 4.2. The request further noted that the same regulations "state that 'General Counsel's Reports…shall be placed on the public record of the Agency.'" Ex. A at 1, citing 11 C.F.R. § 5.4(a)(4).

21. CCP's request also stated that "[t]hese regulations complement the Commission's 2009 announcement that '[u]ntil such time as all previously undisclosed First General Counsel's Reports have been placed on the public record, the Commission intends to approve any FOIA request seeking a First General Counsel's Report…that has not yet been placed on the public record." *Id.*, citing 74 Fed. Reg. 66132, 66133 (Dec. 14, 2009).

22. On April 10, 2014, CCP received a response via electronic mail from Robert M. Kahn of the FOIA Requester Service Center. Mr. Kahn's email is attached as Exhibit B.

23. Mr. Kahn's email broadly denied CCP's FOIA request and invoked "privileges…including the deliberative process privilege, attorney work-product privilege, and/or attorney-client privilege." Ex. B at 1.

24. Mr. Kahn's response also noted that "[p]ortions of the document are also exempt from disclosure…[because disclosure] 'would disclose techniques and procedures for law

enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.'" Ex. B, citing 5 U.S.C. § 552(b)(7)(E).

25. On April 29, 2014, CCP submitted via electronic mail an appeal of this adverse FOIA decision, pursuant to 11 C.F.R. § 4.8. CCP's appeal is attached as Exhibit C.

26. CCP's appeal argued that the Report was not subject to the deliberative process privilege, the work product doctrine, or the attorney-client privilege. Ex. C at 1-3.

27. CCP's appeal also stated that while "there is an indication that the Report contains information regarding the General Counsel's preferred legal test for determining major purpose…understanding how major purpose is determined…would inform the regulated community about *what the law is*," and would not pose a risk of circumvention under 5 U.S.C. § 552(b)(7)(E). Ex. C at 3 (emphasis in original).

28. CCP also noted that the Report was redacted in its entirety, and that "even the release of a partially unredacted document would further the public interest." Ex. C at 4-5.

29. On May 28, 2014, Mr. Kahn responded via email to CCP's FOIA appeal. Mr. Kahn's email is attached at Exhibit D. The email contained a PDF attachment, attached at Exhibit E, detailing the Commission's response.

30. The letter, also signed by Mr. Kahn, informed CCP that "[u]pon a review of CCP's FOIA appeal, the Commission was unable to render an opinion on whether to approve or deny the appeal by a majority vote and has concluded its consideration of your FOIA appeal. Accordingly, the Commission has constructively denied CCP's FOIA appeal." Ex. E at 1.

31. The letter did not inform CCP which FOIA exemptions the FEC applied in its denial. Nor did it attach any statement of reasons by any of the commissioners supporting this

denial, nor did the letter state which commissioners, or how many, had voted to deny CCP's appeal, nor which commissioners constituted the controlling group for the purposes of this case.

32. Agency denial of CCP's appeal without explaining the rationale for that decision is arbitrary and capricious. 5 U.S.C. § 552(a)(4)(F)(i); *see also FEC v. Nat'l Republican Senatorial Comm.*, 966 F.2d at 1476 ("[T]o make judicial review a meaningful exercise, the three Commissioners who voted to dismiss must provide a statement of their reasons for so voting.").

33. Plaintiff has now exhausted administrative remedies.

## PLAINTIFF'S CLAIMS FOR RELIEF

34. Plaintiff re-alleges and re-incorporates paragraphs 1-33.

35. Plaintiff's request for the Report is proper and denial of Plaintiff's request, in whole or in part, is not justified by any statutory exemption.

36. Plaintiff has exhausted all relevant administrative remedies to obtain the Report from Defendant through the FOIA process.

37. The FEC violated the FOIA mandate to release agency records to the public, as well as its own regulations and policies, by failing to release the Report. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B); 11 C.F.R. §§ 4.2, 5.4(a)(4); 74 Fed. Reg. 66132, 66133 (Dec. 14, 2009).

38. Plaintiff is due injunctive and declaratory relief with respect to the release and disclosure of the Report.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant violated the Freedom of Information Act by failing to release and disclose the Report to Plaintiff;

2. Order Defendant to immediately release and disclose the Report to Plaintiff;

3. In the alternative, order Defendant to immediately release the Report, subject to such redactions as this Court considers proper.

4. Award Plaintiff its reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E);

5. Grant any such other relief as this Court deems just and proper.

Respectfully submitted,

Allen Dickerson
(D.C. Bar No. 1003781)
Center for Competitive Politics
124 S. West Street, Suite 201
Alexandria, Virginia 22314
T: (703) 894-6800
F: (703) 894-6811
adickerson@campaignfreedom.org

Dated: June 9, 2014                    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to LCvR 5.3, I hereby certificate that a true and correct copy of the foregoing was delivered via first class mail to:

Ms. Lisa J. Stevenson, Deputy General Counsel – Law
Federal Election Commission
999 E Street, N.W.
Washington, D.C. 20436
Phone: (202) 694-1650

*Counsel for Defendant, Federal Election Commission*

/s/ Allen Dickerson
Allen Dickerson
*Counsel for Plaintiff, Center for Competitive Politics*